United States District Court
Southern District of Texas
**ENTERED**
October 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO GARIBALDO PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-249 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Francisco Garibaldo Perez, who has paid the $400.00 filing fee, is appearing *pro se* in this civil action. Plaintiff seeks to present a "Federal Question" pursuant to 28 U.S.C. § 1331 in which he demands proof of subject-matter jurisdiction. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. For purposes of screening, the undersigned recommends that Plaintiff's action be **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

In his original complaint, Plaintiff sues the State of Texas and Carlos Valdez. (D.E. 1, p. 1). In his correspondence to the Court, Plaintiff provides only a P.O. Box address. Furthermore, a review of the Texas Department of Criminal Justice's (TDCJ) website does not indicate that Plaintiff is currently in custody at any one of the TDCJ's prison units. Plaintiff nevertheless states in his original complaint that he "is currently being held as collateral against his will in the location of the Department of Corrections pursuant to an unconstitutional judgment." (D.E. 1, p. 13). Regardless where Plaintiff currently resides, whether in prison or not, none of his allegations suggest that his Kleberg County conviction has been reversed or otherwise invalidated. Plaintiff's original complaint is comprised of 141 pages of nonsensical legal jargon, special notices, commercial affidavits, appointments of trustees, and countless citations to legal principles and authorities that may, or may not, have any bearing on this case. Due to the confusing nature of Plaintiff's original complaint and the fact it did not comply with Rule 8 of the Federal Rules of Civil Procedure, the undersigned directed Plaintiff to file a more definite statement. (D.E. 5). Plaintiff was further ordered to answer several questions regarding who he is suing, the claims he seeks to raise, the relief he is seeking, and the basis for this Court's jurisdiction. (D.E. 5, p. 2).

On September 17, 2018, Plaintiff filed his More Definite Statement (D.E. 7) in which he provides the following information. He refers to himself as both a "Debtor" and "Secured Party." (D.E. 7, p. 2). He further describes himself as "a governmentally

created fiction, existing for Commercial purposes only, existing in contemplation of Law, and non-existent." (D.E. 7, p. 2).

Plaintiff clarifies in the More Definite Statement that he sues the "State of Texas d/b/a Carlos Valdez." (D.E. 7, p. 2). According to Plaintiff, Mr. Valdez represented "the 105th District Court, Kleberg County" and indicted Plaintiff in Kleberg County (Cause No. 05-CRF-0070) even though the Kleberg County trial court lacked subject matter jurisdiction over the criminal prosecution of the Debtor. (D.E. 7, pp. 2-4). While claiming his due process rights were violated in connection with his criminal prosecution, Plaintiff asserts that he "is NOT fighting his conviction within the case as presented before the" Kleberg County district court but is instead "challenging the court[']s subject matter jurisdiction to hear the case in the first place." (D.E. 7, p. 4).

Plaintiff seeks the following relief: (1) reversal of his conviction in Cause No. 05-CRF-0070; (2) discharge from the custody of any and all Texas agencies; (3) proof from Mr. Valdez or his successors that he had jurisdiction over Plaintiff "that can supersede the Holder-In-Due-Course Priority Claim"; (4) proof from Mr. Valdez and his successors that the Kleberg County trial court "had lawful jurisdiction over the Living Man/Secured Party" Plaintiff; and (5) monetary relief based on the trial court's lack of subject matter jurisdiction to detain, arrest, and incarcerate Plaintiff. (D.E. 7, pp. 2-4).

Plaintiff has provided no information regarding his Kleberg County conviction other than identifying the cause of action. Plaintiff fails to indicate when he was convicted, the charge or charges of which he was convicted, and any sentencing information. Nevertheless, a review of the Texas Court of Appeals' website reveals that,

on September 2, 2005, Plaintiff appealed his conviction in Cause No. 05-CRF-0070 to the Thirteenth Court of Appeals. *See* http://www.search.txcourts.gov/Case.aspx?cn=13-05-00567-CR&coa=coa13. On May 18, 2006, the Texas appellate court affirmed Plaintiff's conviction. *Perez v. State of Texas*, No. 13-05-567-CR, 2006 WL 1350043 (Tex. App. May 18, 2006). In affirming his conviction, the Texas appellate court noted that Plaintiff had been convicted of attempted capital murder and sentenced to 60 years in prison. *Id.* at *1.

### III. LEGAL STANDARD

In connection with his pleading filed in this Court, Plaintiff provides only a P.O. Box address. However, Plaintiff states in his original complaint that he "is currently being held as collateral against his will in the location of the Department of Corrections pursuant to an unconstitutional judgment." (D.E. 1, p. 13). He further seeks as remedies in his amended complaint the reversal of his Kleberg County conviction and discharge from custody. (D.E. 7, p. 3). Plaintiff, therefore, represents that he is currently in prison custody. Thus, even though he has paid the full initial filing fee, his complaint must be screened pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Glendinning v. Texas Board of Pardons and Paroles*, No. A-18-CA-490, 2018 WL 3084711, at *1 (W.D. Tex. Jun. 22, 2018).

Pursuant to § 1915A, the Court shall evaluate a prisoner's complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous if it has no

arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim further has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). While Plaintiff did not file his original action on a § 1983 form, he asserts violations of his due process rights in connection with his primary claim attacking the lack of subject matter jurisdiction over his criminal prosecution. To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

Plaintiff's claims attacking the lack of subject matter jurisdiction over his criminal prosecution in Kleberg County are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann*

*v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

While Plaintiff asserts he is not "fighting" his Kleberg County conviction, any ruling in Plaintiff's favor on his claim the trial court lacked subject matter jurisdiction over his criminal prosecution would necessarily imply the invalidity of his attempted capital murder conviction. *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise invalidated Plaintiff's Kleberg County conviction, Plaintiff's claims seeking monetary, injunctive, and declaratory relief are barred by *Heck*. *See Smith v. Livingston*, No. 1:16-CV-091-BL, 2017 WL3175631, at *3 (N.D. Tex. Jul. 5, 2017) (dismissing as *Heck*-barred claims attacking the validity of the state court indictment and the state court's jurisdiction to convict him); *Bacilio v. Burns*, No. 4:15-CV-417-Y, 2015 WL 8320249, *3 (N.D. Tex. Dec. 9, 2015) (dismissing as *Heck*-barred claims that state trial court lacked jurisdiction).

Plaintiff's prayer for relief includes requests that his conviction in Cause No. 05-CRF-0070 be vacated and that he be discharged from the custody of any and all Texas agencies. Plaintiff, however cannot challenge the legality of his confinement or seek his immediate release from confinement in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Such claims may only be raised in a petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Accordingly, it is respectfully recommended that Plaintiff's claims attacking the lack of subject matter jurisdiction over his criminal prosecution in Kleberg County be dismissed as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[1]

## V. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1915A(b)(1), it is respectfully recommended that Plaintiff's claims against Defendants, who are listed in his More Definite Statement as the "State of Texas d/b/a Carlos Valdez," be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.

Respectfully submitted this 1st day of October 2018.

_____
Jason B. Libby
United States Magistrate Judge

---

[1] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).