UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO GARIBALDO PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-249 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On October 1, 2018, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Case (M&R, D.E. 8), recommending that Plaintiff's action be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff was given notice of the M&R and an opportunity to object. Plaintiff timely filed his objections (D.E. 11) on October 12, 2018.

Arguing that he is appearing "In Propria Persona, Holder-in-Due-Course of Any/All Documents of the Cestui Que Vie Trust of FRANCISCO-GARIBALDO:PEREZ©," Plaintiff filed this action seeking this Court's intervention in his state court conviction on a felony charge and an award of damages. He claims that the state court did not have subject matter jurisdiction over his person and should be ordered to release him. The M&R explains that Plaintiff has not sought federal habeas corpus relief and his conviction has not been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal. Thus, this Court lacks jurisdiction to grant him the relief he seeks, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Without stating any argument that any specific part of the reasoning of the M&R is in error, Plaintiff claims that, under federal question jurisdiction, 28 U.S.C. § 1331, the burden is on Defendants as the "asserter" to establish jurisdiction and the decision should not be subject to screening under 28 U.S.C. § 1915A(b)(1) but rather should be reviewed administratively by the Chief Judge of the United States Courts for the Southern District of Texas. Plaintiff is incorrect.

It is true that the burden of proof to demonstrate federal subject matter jurisdiction is on the party invoking that jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002). But instead of recognizing that he, as Plaintiff, has the burden of proof to assert federal jurisdiction to bring this case, he is trying to foist that burden on Defendants to demonstrate to this Court that they had jurisdiction over his person in the state court prosecution. Those are two separate questions and Plaintiff has not demonstrated that this Court has jurisdiction to disturb the state court conviction or grant any relief. *See Heck*, *supra*. Nothing in his briefing supports his claim that the Chief Judge of this District has administrative jurisdiction to intervene in this action and decide this matter simply because federal question jurisdiction is at issue. Plaintiff's objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's action is **DISMISSED WITH PREJUDICE** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.

ORDERED this 22nd day of October, 2018.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

3 / 3